IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| Unites States of America )<br>　　　　　　　　　　　　　　　　　　) <br>　　　　vs.　　　　　　　　　　　　　) <br>　　　　　　　　　　　　　　　　　　) <br>Tito L. Knox, 　　　　　　　　　　　) <br>　　　　　　　　　　　　　　　　　　) <br>　　　　　　　Defendant.　　　　　　) | Cr. No. 6:06-269-HMH<br><br>**OPINION & ORDER** |

The court finds that Tito L. Knox ("Knox"), Register Number 13813-171, a patient in the psychiatric hospital at the Federal Medical Center (FMC) in Rochester, Minnesota, has proven by a preponderance of the evidence that he has recovered from his mental disease or defect to such an extent that his conditional release, under a prescribed regimen of medical, psychiatric, or psychological care or treatment, would no longer create a substantial risk of bodily injury to another person or serious damage to the property of another.  Therefore, pursuant to Title 18, United States Code, Section 4243(f)(2), the court immediately orders that Knox be conditionally released under the following conditions:

1.  Mr. Knox shall reside at 107 Saxon Drive, Piedmont, South Carolina 29673, (864) 422-2584, with his mother, Geraldine Knox.  Mr. Knox shall not make any change in his residence without the advance approval of the mental health providers and his supervising U.S. Probation Officer.

2.  Mr. Knox is restricted from traveling outside the local area except with the prior approval of the U.S. Probation Officer.

3.  Mr. Knox shall appear for an initial appointment at a facility approved by the U.S. Probation Office.  He shall comply with weekly psychological treatment until the treating psychologist deems differently.  Mr. Knox shall comply with any psychiatric treatment, with such treatment including oral and injectable

1

       medications and any other psychotropic medication deemed necessary by his treating clinicians.

4. While Mr. Knox is in outpatient counseling, he may be admitted as an inpatient to any facility designated by the South Carolina Department of Mental Health and Mental Retardation should his treating clinicians deem it necessary.

5. Mr. Knox shall abstain from all use of alcohol and other drugs not prescribed by his treating physician.  If on prescription medication, his treating physician shall not discontinue the administration of anti-psychotic drugs to Mr. Knox without providing advance written notice to the U.S. Probation Officer.

6. Mr. Knox shall submit to urine analysis and other drug testing for the detection of the use of controlled substances and undergo regular urine and serum blood screening as ordered by the treating physician and U.S. Probation Officer to ensure abstinence from substances and the maintenance of a therapeutic level of medication.

7. Mr. Knox shall participate in outpatient substance abuse counseling as directed by the U.S. Probation Officer if deemed necessary.

8. Mr. Knox shall have daily contact with his mother, Geraldine Knox, until such time as the U.S. Probation Officer believes modifications of this requirement are justified.  If at any time Geraldine Knox has information that might relate to Mr. Knox's safety or the safety of the community, she is to report it to the U.S. Probation Officer within 24 hours of receiving it.

9. Mr. Knox shall not possess any firearms, destructive device, or other dangerous weapons.

10. Mr. Knox shall not commit another federal, state or local crime.

11. Mr. Knox shall report any contact with any law enforcement officer to the U.S. Probation Office within 24 hours of the contact.

12. Mr. Knox shall be supervised by the U.S. Probation Office until further order of this court, to ensure his compliance.  Mr. Knox shall comply with the standard conditions of the U.S. Probation Office, District of South Carolina, including waiving his right to confidentiality regarding his mental health treatment in order to allow sharing of information with the supervising U.S. Probation Officer, who will assist in evaluating the ongoing appropriateness of community placement.

13. Mr. Knox shall truthfully and completely submit a written monthly report to the U.S. Probation Office within the first five working days of each month.

14. The medical provider may at any time recommend modifications or elimination of the regimen of medical, psychiatric, or psychological care or treatment upon certification to this court that to do so would not create a substantial risk of bodily injury to another person or serious damage to the property of another. Any party requesting modification or termination of the conditions of release shall submit adequate documentation supporting the request through the Supervisory U.S. Probation Officer, to the Civil Division of the U.S. Attorney's Office for the District of South Carolina, for a determination as to whether a motion for release should be filed.

15. Mr. Knox's failure to adhere to any of these conditions will result in him being located, taken into custody, and subsequently reviewed for suitability for continued release to the community.

**IT IS SO ORDERED**.

s/Henry M. Herlong, Jr.
United States District Judge

Greenville, South Carolina
September 30, 2008