IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| United States of America ) | CR/A No. 6:06-cr-00269-DCC |
| ) | |
| v. ) | |
| ) | **OPINION AND ORDER** |
| Tito L. Knox, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

This matter comes before the Court on the Government's Motion to Revoke Defendant Tito L. Knox's Conditional Discharge pursuant to 18 U.S.C. § 4243(g).[1]  The Court held a Final Revocation of Conditional Discharge Hearing on February 22, 2023. ECF No. 283.  Mr. Knox refused to participate in the hearing but was represented by Federal Public Defenders Lora Collins Blanchard and Erica Marie Soderdahl.  Dr. Elizabeth Tyner and United States Probation Officer Nathan Backus testified at the hearing as witnesses for the Government.  The Court held the record and hearing open for 14 days to allow defense counsel to file additional briefing based on the evidence and testimony presented and to allow Mr. Knox the opportunity to testify if desired.  No additional briefing has been filed, and there is no indication that Mr. Knox wishes to participate in any further hearing.  For the reasons set forth below, the Government's

---

[1] Mr. Knox filed a Pro Se Motion regarding his deprivation of liberty, a Motion for Attorney Status Hearing, and a Motion to Replace Counsel. ECF Nos. 231, 271, 273. The Court construes Mr. Knox's Pro Se Motion as a request for unconditional release, which will be addressed in combination with the Government's Motion to Revoke. The Court finds Mr. Knox's Motion for Attorney Status Hearing and Motion to Replace Counsel are moot, as new counsel has since appeared in this case to represent him. ECF No. 274. Mr. Knox also filed a Motion to Compel Discovery. ECF No. 301. The Motion neither provides a description of the discovery requested nor makes a specific request for any other relief, and appointed counsel has not filed any supplement to the Motion. In light of the Court's decision on Mr. Knox's Pro Se Motion for Unconditional Release, the Court likewise finds Mr. Knox's Motion for Discovery is moot.

Motion to Revoke is granted and Mr. Knox's Pro Se Motion for Unconditional Release is denied.

## BACKGROUND

On March 14, 2006, Mr. Knox was indicted for possession of a firearm by a convicted felon. ECF No. 2. On June 19, 2007, the Court conducted a bench trial, and based on the facts of the case and a report regarding Mr. Knox's mental examination, found Mr. Knox not guilty by reason of insanity. ECF No. 46. On June 21, 2007, the Court ordered Mr. Knox committed for treatment until he was no longer a threat to himself or others pursuant to 18 U.S.C. § 4243. ECF No. 50. On September 30, 2008, the Court conditionally discharged Mr. Knox pursuant to § 4243(f), finding that he had "recovered from his mental disease or defect to such an extent that his conditional release would no longer create a substantial risk of bodily injury to another person or serious damage to the property of another." ECF No. 73. The Court's Order required Mr. Knox to "comply with any psychiatric treatment, with such treatment including oral and injectable medications and any other psychotropic medication deemed necessary by his treating clinicians." *Id.* at 1–2. The Order further provided that Mr. Knox's "failure to adhere to any of [the] conditions will result in him being located, taken into custody, and subsequently reviewed for suitability for continued release to the community." *Id.* at 3. During his conditional release, Mr. Knox has been supervised by the United States Probation Office ("USPO") "to ensure his compliance" with the conditions of his release. *See id.* at 2.

The USPO has petitioned this Court five times beginning on May 11, 2009, to issue a warrant for Mr. Knox's arrest alleging that he had violated the terms of his

conditional release. On May 12, 2009, after a hearing on the Government's Motion to Revoke, which included the presentation of a statement by Mr. Knox's treating psychiatrist, the Court revoked Mr. Knox's conditional release and remanded him to the custody of the Attorney General to be committed for treatment. ECF No. 84. Thereafter, Mr. Knox underwent annual psychiatric evaluations from 2010 through 2016. On April 7, 2016, the director of the facility in which Mr. Knox was hospitalized filed a certificate of conditional release pursuant to 18 U.S.C. § 4243(f). ECF No. 115-1. On April 19, 2016, the Court found that Mr. Knox had satisfied his burden of proving by a preponderance of evidence that he should be conditionally released pursuant to 18 U.S.C. § 4243(f)(2). ECF No. 117. On August 25, 2017, and August 22, 2019, the USPO petitioned the Court to issue a warrant for Mr. Knox's arrest alleging violations of the terms of his conditional release, and in both instances, the Court continued Mr. Knox on conditional release. ECF Nos. 128, 150. On December 3, 2021, the USPO again petitioned the Court to issue a warrant for Mr. Knox's arrest alleging violations of the terms of his conditional release, and on December 21, 2021, the Court issued an Order amending paragraphs 5 and 6 of its April 19, 2016, Conditional Release Order. ECF Nos. 185, 198.

On August 1, 2022, the USPO petitioned the Court to issue a warrant for Mr. Knox's arrest alleging violations of the terms of his conditional release. ECF No. 214. Specifically, the petition alleged that Mr. Knox failed to take mental health medication as prescribed by his treating physician, failed to report for urinalysis testing, and failed to report to his Probation Officer. *Id.* At his Initial Revocation Hearing, the Government requested that Mr. Knox participate in a forensic mental health evaluation, which the

3

Court ordered.  ECF Nos. 227, 240.  Mr. Knox's treatment providers at the Federal Bureau of Prisons facility in Springfield, Missouri issued a forensic psychological report on December 6, 2022.  ECF No. 265.  The report states that "Mr. Knox meets the criteria for schizoaffective disorder, bipolar type, which is a mental disease."  *Id.* at 29.  The report further indicates that the facility's risk assessment panel concluded that "Mr. Knox is presently suffering from a mental disease, as a result of which his continued release would create a substantial risk of bodily injury to another person or serious damage to the property of another."  *Id.*  Accordingly, the panel recommended that Mr. Knox be remanded for further commitment and treatment.  *Id.*

The Court held a Final Revocation of Conditional Discharge Hearing on February 22, 2023.  ECF No. 283.  Mr. Knox refused to participate in the hearing but was represented by Federal Public Defenders Lora Collins Blanchard and Erica Marie Soderdahl.  Dr. Elizabeth Tyner and United States Probation Officer Nathan Backus testified at the hearing as witnesses for the Government.  The Court left the record and hearing open for 14 days to allow defense counsel to file additional briefing based on the evidence and testimony presented and to allow Mr. Knox the opportunity to testify if desired.  No additional briefing has been filed, and there is no indication that Mr. Knox wishes to participate in any further hearing.  The Motions are now before the Court.

## DISCUSSION

18 U.S.C. § 4243(g) provides,

> The director of a medical facility responsible for administering a regimen imposed on an acquitted person conditionally discharged under subsection (f) shall notify the Attorney General and the court having jurisdiction over the person of any failure of the person to comply with the

> regimen. Upon such notice, or other probable cause to believe that the person has failed to comply with the prescribed regimen of medical, psychiatric, or psychological care or treatment, the person may be arrested, and, upon arrest, shall be taken without unnecessary delay before the court having jurisdiction over him. The court shall, after a hearing, determine whether the person should be remanded to a suitable facility on the ground that, in light of his failure to comply with the prescribed regimen of medical, psychiatric, or psychological care or treatment, his continued release would create a substantial risk of bodily injury to another person or serious damage to property of another.

At the hearing, United States Probation Officer Nathan Backus testified regarding Mr. Knox's violations of the terms of his conditional release and his refusal to take mental health medication as prescribed by his treating physician. In addition, Dr. Elizabeth Tyner testified that Mr. Knox declined to participate in the hearing by refusing to leave his room and that his behavior was consistent with the facility staff's prior interactions with him. She further testified that Mr. Knox currently suffers from a significant and persistent serious mental illness, specifically schizoaffective disorder, bipolar type, and that he has continuously declined voluntary medication and other treatment while incarcerated at the Federal Bureau of Prisons facility in Springfield, Missouri. Dr. Elizabeth Tyner concluded that Mr. Knox's conditional release would create a substantial risk of bodily harm to another person or serious damage to property of another and recommended continued commitment, including inpatient treatment, at this time.

Upon review, the Court finds that Mr. Knox has violated the conditions of his release by failing to participate in psychiatric treatment as evidenced by Mr. Knox refusing psychiatric treatment and refusing to take psychotropic medication on July 13, 2022, in violation of this Court's December 21, 2021, Conditional Release Order. Based

on the evidence presented, the Court finds that Mr. Knox's continued release "would create a substantial risk of bodily injury to another person or serious damage to property of another." 18 U.S.C. § 4243(g).

## CONCLUSION

For the reasons set forth above, the Government's Motion to Revoke Defendant Tito L. Knox's Conditional Discharge pursuant to 18 U.S.C. § 4243(g) is **GRANTED**. It is further ordered that Mr. Knox's Pro Se Motion for Unconditional Release is **DENIED**. Accordingly, Mr. Knox is remanded to the custody of the Attorney General to be committed for treatment at a suitable facility. The Court recommends that Mr. Knox be placed at the Bureau of Prisons facility, Federal Medical Center Butner. When the director of the facility in which Mr. Knox is hospitalized determines that he is eligible for release according to 18 U.S.C. § 4243, the director shall file a certificate with the clerk of this Court.[2]

IT IS SO ORDERED.

s/ Donald C. Coggins, Jr.
United States District Judge

July 18, 2023
Spartanburg, South Carolina

---

[2] On May 26, 2023, Mr. Knox filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241 in the Western District of Missouri, which was transferred to this Court. ECF No. 304. Mr. Knox filed an amended petition on June 30, 2023. ECF No. 305. Because Mr. Knox's petitions reassert his request for unconditional release in this case, the Court construes the petitions as motions for unconditional release pursuant to 18 U.S.C. § 4247(h). Accordingly, the Court finds Mr. Knox's motions are moot for the reasons stated above.